1  RUSSELL A. FRANKLIN, State Bar No. 187523
   franklinr@slmclaw.com
2  JOHN H. HORWITZ, State Bar No. 137192
   horwitzj@slmclaw.com
3  SCHAFFER, LAX, McNAUGHTON & CHEN
   A Professional Corporation
4  515 South Figueroa Street, Suite 1400
   Los Angeles, California 90071
5  Telephone:  (213) 337-1000
   Facsimile:  (213) 337-1010
6
   Attorneys for Defendant SPORT CHALET, INC.
7

8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11  OUTERBRIDGE ACCESS ASSOCIATION,    CASE NO. 08 CV0121JM CAB
    SUING ON BEHALF OF DIANE CROSS;
12  and DIANE CROSS, an Individual,    **ANSWER TO COMPLAINT**

13           Plaintiffs,

14       v.

15  S. B. RESTAURANT CO. d.b.a. ELEPHANT
    BAR; SPROUTS FARMERS MARKET, LLC
16  d.b.a SPROUTS FARMERS MARKET;
    SPORT CHALET, INC. d.b.a. SPORT
17  CHALET #67; LOEHMANN'S, INC. d.b.a.
    LOEHMANN'S; KYUNG AH PARK d.b.a.
18  FASHION 5; GRAND PLAZA, LLC; and
    DOES 1 through 10, inclusive, ,
19
             Defendants.
20

21

22       COMES NOW defendant SPORT CHALET, INC., a Delaware corporation, and hereby

23  answers the plaintiffs' unverified complaint in accordance with the numbered paragraphs thereof.

24  As to each and every allegation denied for lack of knowledge or information, this answering

25  defendant has insufficient knowledge or information on the subject, or subjects, embraced therein

26  to enable it to answer such allegations; wherefore, this answering defendant denies each and all of

27  said allegations and place its denial on that ground.

28

## ANSWER

1. This answering defendant admits that portion of paragraph 1 that this is a civil complaint filed in accordance with Rule 8 of the Federal Rules of Civil Procedure. Defendant denies that portion of paragraph 1 which alleges that this answering defendant is engaging in discriminatory practices against individuals with disabilities, and this answering defendant denies the other allegations of this paragraph based upon lack of knowledge or information as to those allegations.

2. Answering paragraph 2 of plaintiffs' complaint, this answering defendant admits that jurisdiction and venue are proper.

3. Answering paragraph 3 of plaintiffs' complaint, this answering defendant admits that plaintiffs shall assert causes of action based on state law. This answering defendant denies, both generally and specifically, based on lack of knowledge or information, that said causes of action arose from a common nuclei of operative facts. This answering defendant denies each and every allegation contained or inferred in paragraph 3 which relates to its alleged violations of plaintiffs' or other persons' injuries. This answering defendant denies, both generally and specifically, based on lack of knowledge or information, that the stated actions are so related to the federal actions that they form part of the same case or controversy.

## NAMED DEFENDANTS AND NAMED PLAINTIFFS

4. Answering paragraph 4 of plaintiffs' complaint, this answering defendant admits that Sport Chalet, Inc. is a corporation doing business in California and operates a store located at 177 South Las Posas Road, San Marcos, California 92078. This answering defendant has insufficient information upon which to admit or deny the remaining allegations of paragraph 4, and therefore denies the same.

5. Answering paragraph 5 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

6. Answering paragraph 6 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every

allegation contained therein.

7. Answering paragraph 7 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

### STATEWIDE CLASS ACTION ALLEGATIONS UNDER F.R.C.P. 23(b) AS TO ALL DEFENDANTS

8. Answering paragraph 8 of plaintiffs' complaint, this answering defendant admits that it operates a business establishment located at 177 South Las Posas Road, San Marcos, California 92078, but this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every other allegation contained therein.

9. Answering paragraph 9 of plaintiffs' complaint, this answering defendant admits that it may be required to remove architectural barriers where it is "readily achievable" to do so, but this answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph.

10. Answering paragraph 10 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

11. Answering paragraph 11 of plaintiffs' complaint, this answering defendant denies that plaintiffs have suffered injuries of discrimination pursuant to the allegations contained therein. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph.

### ALLEGED FACTS

12. Answering paragraph 12 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

13. Answering paragraph 13 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein. This answering defendant disputes and objects to plaintiffs'

characterizations and conclusions of law within said paragraph.

14. Answering paragraph 14 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

15. Answering paragraph 15 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

16. Answering paragraph 16 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

17. Answering paragraph 17 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

18. Answering paragraph 18 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

19. Answering paragraph 19 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

20. Answering paragraph 20 of plaintiffs' complaint, this answering defendant admits that it may be required to remove architectural barriers where it is "readily achievable" to do so. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph, and this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every factual allegation contained therein.

21. Answering paragraph 21 of plaintiffs' complaint, this answering defendant admits that it may be required to remove architectural barriers where it is "readily achievable" to do so. This answering defendant disputes and objects to plaintiffs' further characterizations and

conclusions of law within said paragraph, and this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every factual allegation contained therein.

22. Answering paragraph 22 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

23. Answering paragraph 23 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

24. Answering paragraph 24 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

25. Answering paragraph 25 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

26. Answering paragraph 26 of plaintiffs' complaint, this answering defendant admits that it may be required to remove architectural barriers where it is "readily achievable" to do so. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph, and this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every factual allegation contained therein.

27. Answering paragraph 27 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

28. Answering paragraph 28 of plaintiffs' complaint, this answering defendant admits that it may be required to remove architectural barriers where it is "readily achievable" to do so. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph, and this answering defendant denies, both generally and

1 specifically, based on lack of knowledge or information, each and every factual allegation
2 contained therein.

3    29.   Answering paragraph 29 of plaintiffs' complaint, this answering defendant denies that plaintiffs have suffered injuries of discrimination pursuant to the allegations contained in the subject complaint.

### NOTICE

30.   Answering paragraph 30 of plaintiffs' complaint, this answering defendant disputes and objects to plaintiffs' characterizations and conclusions of law within said paragraph.

### CLAIMS ALLEGED AGAINST EACH DEFENDANT

31.   Answering paragraph 31 of plaintiffs' complaint, this answering defendant alleges that paragraph 31 does not require a responsive answer in that it merely is provided as a convenience so that plaintiffs may refer to the defendants collectively. This answering defendant otherwise denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein.

32.   Answering paragraph 32 of plaintiffs' complaint, this answering defendant denies that defendants, collectively and individually, are liable to plaintiffs, either expressly or impliedly, for the claims as alleged in plaintiffs' complaint. This answering defendant further disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph.

### FIRST CLAIM FOR RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

33.   Answering paragraph 33 of plaintiffs' complaint, this answering defendant realleges each response to paragraphs 1 through 32 as though set forth completely herein. This answering defendant admits that it operates a facility open to the public, but this answering defendant denies any and all allegations, express or implied, that plaintiffs have been subjected to, or will be subject to, discrimination. This answering defendant otherwise denies, both generally and specifically, based on lack of knowledge or information, each and every other allegation contained therein.

34.   Answering paragraph 34 of plaintiffs' complaint, this answering defendant denies

1  that plaintiffs have suffered injuries of discrimination pursuant to the allegations contained in the
2  subject compliant. This answering defendant denies, both generally and specifically, based on
3  lack of knowledge or information, each and every factual allegation contained therein.

### SECOND CLAIM FOR RELIEF: FAILURE TO MAKE ALTERATIONS

35. Answering paragraph 35 of plaintiffs' complaint, this answering defendant realleges each response to paragraphs 1 through 34 as though set forth completely herein. This answering defendant denies all allegations, express or implied, that plaintiffs have been subjected to, or will be subjected to, discrimination. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph, and this answering defendant otherwise denies, both generally and specifically, based on lack of knowledge or information, each and every factual allegation contained therein.

36. Answering paragraph 36 of plaintiffs' complaint, this answering defendant admits that it may be required to remove architectural barriers where it is "readily achievable" to do so. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph, and this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every factual allegation contained therein.

37. Answering paragraph 37 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, each and every allegation contained therein.

38. Answering paragraph 38 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, each and every allegation contained therein.

### CLAIM THREE: FAILURE TO REMOVE ARCHITECTURAL BARRIERS

39. Answering paragraph 39 of plaintiffs' complaint, this answering defendant realleges each response to paragraphs 1 through 38 as though set forth completely herein. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph, and this answering defendant otherwise denies, both generally and specifically, based on lack of knowledge or information, each and every factual allegation contained therein. This answering defendant further denies that plaintiffs have been subjected to,

SCHAFFER, LAX, MCNAUGHTON & CHEN
A PROFESSIONAL CORPORATION
515 SOUTH FIGUEROA STREET, SUITE 1400
LOS ANGELES, CALIFORNIA 90071
(213) 337-1000

or will be subjected to, discrimination.

## CLAIM FOUR: FAILURE TO MODIFY PRACTICES

40. Answering paragraph 40 of plaintiffs' complaint, this answering defendant realleges each response to paragraphs 1 through 39 as though set forth completely herein. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph, and this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every factual allegation contained therein. This answering defendant further denies that plaintiffs have been subjected to, or will be subjected to, discrimination.

41. Answering paragraph 41 of plaintiffs' complaint, this answering defendant admits that it may be required to remove architectural barriers where it is "readily achievable" to do so. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph, and this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein. This answering defendant further denies that plaintiffs have been subjected to, or will be subjected to, discrimination.

42. Answering paragraph 42 of plaintiffs' complaint, this answering defendant admits that plaintiffs seek relief, but denies that plaintiffs have suffered injuries. This answering defendant therefore alleges that plaintiffs are not entitled to pray for relief.

## CLAIMS UNDER CALIFORNIA LAW, CLAIM ONE: DENIAL OF FULL AND EQUAL ACCESS

43. Answering paragraph 43 of plaintiffs' complaint, this answering defendant realleges each response to paragraphs 1 through 42 as though set forth completely herein. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph, and this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every factual allegation contained therein. This answering defendant further denies that plaintiffs have been subjected to, or will be subjected to, discrimination.

44. Answering paragraph 44 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every allegation contained therein. This answering defendant further denies that plaintiffs have been subjected to, or will be subjected to, discrimination, and have suffered injuries thereby.

## CALIFORNIA CLAIM II: FAILURE TO MODIFY PRACTICES

45. Answering paragraph 45 of plaintiffs' complaint, this answering defendant realleges each response to paragraphs 1 through 44 as though set forth completely herein. This answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph. This answering defendant further denies that plaintiffs have been subjected to, or will be subjected to, discrimination.

## CALIFORNIA CLAIM III: VIOLATION OF THE UNRUH ACT

46. Answering paragraph 46 of plaintiffs' complaint, this answering defendant realleges each response to paragraphs 1 through 45 as though set forth completely herein. This answering defendant denies, both generally and specifically, based on lack of knowledge or information, each and every factual allegation contained therein. This answering defendant further denies that plaintiffs have been subjected to, or will be subjected to, discrimination.

47. Answering paragraph 47 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, each and every allegation contained therein. This answering defendant further disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph. This answering defendant further denies that plaintiffs have been subjected to, or will be subjected to, discrimination.

48. [No paragraph 48 appears in the complaint.]

49. Answering paragraph 49 of plaintiffs' complaint, this answering defendant admits that plaintiffs are praying for damages and relief, but denies that plaintiffs have suffered injuries. This answering defendant therefore alleges that plaintiffs are not entitled to pray for relief.

## CLAIM FOR TREBLE DAMAGES UNDER CALIFORNIA LAW

50. Answering paragraph 50 of plaintiffs' complaint, this answering defendant denies, both generally and specifically, each and every allegation contained therein. This answering

defendant further disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph. This answering defendant further denies that plaintiffs have been subjected to, or will be subjected to, discrimination. This answering defendant denies that plaintiffs are entitled to treble damages.

51. Answering paragraph 51 of plaintiffs' complaint, this answering defendant denies each and every allegation contained therein.

52. Answering paragraph 52 of plaintiffs' complaint, this answering defendant disputes and objects to plaintiffs' further characterizations and conclusions of law within said paragraph. This answering defendant further denies each and every factual allegation contained therein. Plaintiffs are not entitled to treble damages.

53. Answering paragraph 53 of plaintiffs' complaint, this answering defendant denies that plaintiffs are entitled to any relief.

### RESPONSE TO DEMAND FOR JUDGMENT FOR RELIEF

54. Answering paragraph A of the demand for judgment for relief, this answering defendant denies, generally and specifically, each and every allegation contained therein, and denies every item of claimed general damages.

55. Answering paragraph B of the demand for judgment for relief, this answering defendant denies, generally and specifically, each and every allegation contained therein, and denies that plaintiffs are entitled to monetary damages under the California Civil Code, California Building Code, ADA or ADA accessibility guidelines.

56. Answering paragraph C of the demand for judgment for relief, this answering defendant denies, generally and specifically, each and every allegation contained therein, and denies that plaintiffs are entitled to monetary damages under the California Civil Code, California Building Code, ADA or ADA accessibility guidelines.

57. Answering paragraph D of the demand for judgment for relief, this answering defendant denies, generally and specifically, each and every allegation contained therein, and denies that plaintiffs are entitled to injunctive relief.

58. Answering paragraph D of the demand for judgment for relief, this answering

1  defendant denies, generally and specifically, each and every allegation contained therein, and denies that plaintiffs are entitled to attorneys' fees.

59. Answering paragraph E of the demand for judgment for relief, this answering defendant denies, generally and specifically, each and every allegation contained therein, and denies that plaintiffs are entitled to treble damages.

60. Answering paragraph F of the demand for judgment for relief, this answering defendant denies that plaintiffs are entitled to a jury trial.

61. Answering paragraph H of the demand for judgment for relief, this answering defendant denies that plaintiffs are entitled to any other further relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

62. Plaintiffs' complaint has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

63. Elimination of the alleged architectural barriers, if any exist, sought in the complaint is not readily achievable and/or provision of alternate methods for removal of architectural barriers is not readily achievable.

### THIRD AFFIRMATIVE DEFENSE

64. This answering defendant has provided readily achievable alternatives to barrier removal where appropriate.

### FOURTH AFFIRMATIVE DEFENSE

65. Plaintiffs failed to institute and/or exhaust administrative remedies as required by 42 U.S.C. § 12188(a) and 42 U.S.C. § 2 000a-3(c).

### FIFTH AFFIRMATIVE DEFENSE

66. Plaintiffs failed to pursue, initiate or propose the use of alternative means of dispute resolution as encouraged by 42 U.S.C. § 12212.

### SIXTH AFFIRMATIVE DEFENSE

67. Plaintiffs do not have standing to bring this suit.

**SEVENTH AFFIRMATIVE DEFENSE**

68. Plaintiffs' complaint is barred by the applicable statute of limitations.

**EIGHT AFFIRMATIVE DEFENSE**

69. Plaintiffs have failed to mitigate their damages, if any, and have failed to mitigate their attorneys' fees and costs.

**NINTH AFFIRMATIVE DEFENSE**

70. The modification of practices or steps to provide auxiliary aids and services would fundamentally alter the nature of the services offered.

**TENTH AFFIRMATIVE DEFENSE**

71. Any injuries or damages complained of by plaintiffs was proximately caused and contributed to by plaintiffs' failure to exercise ordinary care.

**ELEVENTH AFFIRMATIVE DEFENSE**

72. Plaintiffs' claims are barred in that defendants acted in good faith.

**TWELFTH AFFIRMATIVE DEFENSE**

73. Plaintiffs' complaint is barred by the Equitable Doctrine of Estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

74. Plaintiffs' complaint is barred in that plaintiffs, by their own statements, conduct and omissions, have waived any claims against this answering defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

75. Plaintiffs' complaint is barred by the Equitable Doctrine of Laches and/or unreasonable delay.

**FIFTEENTH AFFIRMATIVE DEFENSE**

76. Plaintiffs' complaint is barred by the Equitable Doctrine of Unclean Hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

77. Plaintiffs have not suffered any actual injuries.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

78. The actions of this answering defendant were approved by all governing agencies and building departments.

ANSWER TO COMPLAINT

### EIGHTEENTH AFFIRMATIVE DEFENSE

79. The remedies sought by plaintiffs in their complaint would cause an unreasonable hardship on this answering defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

80. Plaintiffs' complaint is barred in that jurisdiction for plaintiffs' claim for relief against this answering defendant is improper.

### TWENTIETH AFFIRMATIVE DEFENSE

81. Any claim for punitive or exemplary damages is barred by the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and by Article I of the Constitution of California; and California Civil Code §§ 3294 and 3295 are invalid on their faces and/or as applied to this answering defendant because they contravene rights guaranteed to this answering defendant under the aforesaid Amendments and Constitutions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

82. Elimination of the alleged architectural barriers, if any exist, sought in the complaint and/or provision of alternate methods for removal of architectural barriers is not technically feasible.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

83. The damages sustained by plaintiffs, if any, were caused by the negligence of others, which negligence bars and/or diminishes plaintiffs' recovery, if any, against this answering defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

84. The injuries and damages sustained by plaintiffs, if any, were caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish plaintiffs' recovery, if any, against this answering defendant.

### PRAYER FOR RELIEF

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiffs take nothing by reason of their complaint on file herein and that judgment be rendered in favor of this answering defendant;

2. That this answering defendant be awarded its costs of suit incurred in defense of this action;

3. That this answering defendant be awarded its attorney fees as may be allowed by law; and

4. For such other and further relief as the Court may deem just and proper.

DATED: February 20, 2008

SCHAFFER, LAX, McNAUGHTON & CHEN
A Professional Corporation

BY: _____
RUSSELL A. FRANKLIN
JOHN H. HORWITZ
Attorneys for Defendant SPORT CHALET, INC.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 515 South Figueroa Street, Suite 1400, Los Angeles, California 90071.

On February 20, 2008, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Schaffer, Lax, McNaughton & Chen's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 20, 2008, at Los Angeles, California.

_____
Emilie C. Hausheer

160243 16570

## SERVICE LIST

David C. Wakefield, Esq.
Michelle L. Wakefield, Esq.
Pinnock & Wakefield, A.P.C.
3033 5th Avenue, Suite 410
San Diego, CA  92103
Telephone:  (619) 858-3671
Facsimile:  (619) 858-3646
*Attorneys for Plaintiffs*

160243 16570