**THARPE & HOWELL**
**600 West Santa Ana Boulevard, Suite 705**
**Santa Ana, California 92701**
**(714) 437-4900; (714) 437-7997 Fax**
E-mail: GAngotti@tharpe-howell.com
JAMES O. EILER, SBN 128051
GARY L. ANGOTTI, SBN 75709

Attorneys for S. B. RESTAURANT CO. dba ELEPHANT BAR RESTAURANT, erroneously sued and served as S. B. RESTAURANT CO. d.b.a. ELEPHANT BAR;

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>Plaintiffs,<br><br>v.<br><br>S. B. RESTAURANT CO. d.b.a. ELEPHANT BAR; SPROUTS FARMERS MARKET, LLC d.b.a. SPROUTS FARMERS MARKET; SPORT CHALET, INC. d.b.a. SPORTS CHALET #67; LOEHMANN'S, INC. d.b.a. LOEHMANN'S; KYUNG AH PARK d.b.a. FASHION 5; GRAND PLAZA, LLC; AND DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | CASE NO. 08 CV 0121 JM CAB<br>Before: Honorable Jeffrey T. Miller<br>Court Room 16<br><br>**ANSWER BY DEFENDANT, S. B. RESTAURANT CO. D.B.A. ELEPHANT BAR RESTAURANT TO COMPLAINT; AND DEMAND FOR A JURY TRIAL**<br><br>Complaint Filed: January 22, 2008<br>Trial Date: none set |

Defendant, S. B. RESTAURANT CO. dba ELEPHANT BAR RESTAURANT, erroneously sued and served as S. B. RESTAURANT CO. d.b.a. ELEPHANT BAR; (hereinafter "Defendant"), for itself alone, hereby answers the complaint of plaintiff, OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE

CROSS, an Individual, (hereinafter collectively "plaintiff") and each allegation therein as follows:

**INTRODUCTION**

1. Referring to paragraph 1, defendant ADMITS that plaintiff is filing a civil complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure in the Southern District of California. Defendant DENIES each and every other allegation contained therein, or that it is presently, or has in the past, engaged in discriminatory practices against individuals with disabilities, including minorities with disabilities, and each and every other allegation contained therein.

**JURISDICTION AND VENUE**

2. Defendant ADMITS, that in paragraph 2, plaintiff is filing a civil rights action under the Americans with Disabilities Act of under 42 United States Code 12101-12102, 12181-12183 and 12201 et seq. and that venue is claimed in the United States District Court of the Southern District of California. Defendant DENIES each and every other allegation contained therein.

3. Defendant ADMITS, that in paragraph 3, plaintiff has alleged the Southern District of California has supplemental jurisdiction over state claims pursuant to 28 USC §1367(a). Defendant DENIES each and every other allegation contained therein.

4. Defendant ADMITS that S B RESTAURANT CO. d.b.a. ELEPHANT BAR RESTAURANT is doing business at 105 South Las Posas Rd, San Marcos, California. Defendant is without sufficient information at this time to admit or deny the remainder of the allegations set forth in Paragraph 4, and therefore DENIES them.

5. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 5, and therefore DENIES them.

6. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 6, and therefore DENIES them.

7. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 7, and therefore DENIES them.

8. Defendant ADMITS that S. B. RESTAURANT CO. d.b.a. ELEPHANT BAR

RESTAURANT is doing business at 105 South Las Posas Rd, San Marcos, California. Defendant is without sufficient information at this time to admit or deny the remainder of the allegations set forth in Paragraph 8, and therefore DENIES them.

9. Defendant ADMITS that S. B. RESTAURANT CO. d.b.a. ELEPHANT BAR RESTAURANT is doing business at 105 South Las Posas Rd, San Marcos, California. Defendant is without sufficient information at this time to admit or deny the remainder of the allegations set forth in Paragraph 9, and therefore DENIES them.

10. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 10, and therefore DENIES them.

11. Defendant denies that it maintains a pattern and practice of architectural discrimination at its facilities located throughout California. Defendant is without sufficient information at this time to admit or deny the remainder of the allegations set forth in Paragraph 11, and therefore DENIES them.

**CONCISE SET OF FACTS**

12. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 12, and therefore DENIES them.

13. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 13, and therefore DENIES them.

14. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 14, and therefore DENIES them.

15. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 15, and therefore DENIES them.

16. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 16, and therefore DENIES them.

17. Defendant denies that the entrance and women's bathroom is not accessible and Defendant is without sufficient information at this time to admit or deny the remainder of the allegations set forth in Paragraph 17, and therefore DENIES them.

18. Defendant is without sufficient information at this time to admit or deny the allegations

set forth in Paragraph 18, and therefore DENIES them.

19. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 19, and therefore DENIES them.

20. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 20, and therefore DENIES them.

21. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 21, and therefore DENIES them.

22. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 22, and therefore DENIES them.

23. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 23, and therefore DENIES them.

24. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 24, and therefore DENIES them.

25. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 25, and therefore DENIES them.

26. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 26, and therefore DENIES them.

27. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 27, and therefore DENIES them.

28. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 28, and therefore DENIES them.

29. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 29, and therefore DENIES them.

**NOTICE**

30. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 30, and therefore DENIES them.

//

//

**WHAT CLAIMS ARE PLAINTIFFS ALLEGING**

**AGAINST EACH NAMED DEFENDANT**

31. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 31, and therefore DENIES them.

32. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 32, and therefore DENIES them.

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-**

**CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990**

**CLAIM I AGAINST ALL DEFENDANTS**:

**Denial of Full and Equal Access**.

33. Defendant ADMITS, that in paragraph 33, Plaintiff is filing a civil rights action under the Americans with Disabilities Act of under 42 United States Code §12182 et. seq. and §12188 Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

34. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 34, and therefore DENIES them.

**CLAIM II AGAINST ALL DEFENDANTS**:

**Failure to make alteration in such a manner that the altered portions of the facility are readily accessible and usable by individuals with disabilities.**

35. Defendant ADMITS, that in paragraph 35, Plaintiff is filing a civil rights action under the Americans with Disabilities Act of under 42 United States Code §12183 et. seq. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

36. Defendant ADMITS, that in paragraph 36, Plaintiff is filing a civil rights action under the Americans with Disabilities Act of under 42 United States Code §12183 et. seq. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

37. Defendant ADMITS, that in paragraph 37, Plaintiff is filing a civil rights action under the Americans with Disabilities Act of under 42 United States Code §12182 et. seq. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

38. Defendant ADMITS, that in paragraph 38, Plaintiff is filing a civil rights action under the Americans with Disabilities Act of under 42 United States Code §12182 et. seq., 42 United States Code §12183 et. seq., and 42 United States Code §12188 et. seq Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

**<u>CLAIM III AGAINST ALL DEFENDANTS:</u>**

**<u>Failure to Remove Architectural Barriers</u>**

39. Defendant ADMITS, that in paragraph 39, Plaintiff is filing a civil rights action under the Americans with Disabilities Act of under 42 United States Code §12182 et. seq. and 42 United States Code §12188 et. seq. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

**<u>CLAIM IV AGAINST ALL DEFENDANTS</u>**

**<u>Failure to Modify Practices, Policies and Procedures.</u>**

**<u>Failure to Remove Architectural Barriers</u>**

40. Defendant ADMITS, that in paragraph 40, Plaintiff is filing a civil rights action and alleging violation of the Americans with Disabilities Act , 42 United States Code §12182 et. seq. and 42 United States Code §12188 et. seq. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

41. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 41, and therefore DENIES them.

42. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 42, and therefore DENIES them.

//

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

**CLAIM I: Denial of Full and Equal Access**

43. Defendant ADMITS, that in paragraph 43, Plaintiff is claiming a civil rights violation under the California Civil Code sections 54 and 54.1 and title 24 of the California Code of Regulations also known as California's Accessible Building Code. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

44. Defendant ADMITS, that in paragraph 44, Plaintiff is filing a civil rights action under the California Civil Code sections 51, 52 and 54.1. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

**CLAIM II: Failure to Modify Practices, Policies and Procedures.**

45. Defendant ADMITS, that in paragraph 45, Plaintiff is claiming a civil rights violation under the California Civil Code section 54.1. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

**CLAIM III Violation of the Unruh Act.**

46. Defendant ADMITS, that in paragraph 46, Plaintiff is claiming a civil rights violation under the California Civil Code sections 51, 52 and 54.1 by failing to comply with 42 USC §§ 12182 et seq. and 12183 et seq.. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

47. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 47, and therefore DENIES them.

49. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 49, and therefore DENIES them.

//

**Treble damages Pursuant to Claims I, II, III under the California Accessibility Laws.**

50. Defendant ADMITS, that in paragraph 50, Plaintiff is filing a civil rights action under title 24 of California's Accessible Building Code and is seeking recovery under California Civil Code sections 52(a) and 54.3(a). Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

51. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 51, and therefore DENIES them.

52. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 52, and therefore DENIES them.

53. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 53, and therefore DENIES them.

**DEMAND FOR JUDGMENT FOR RELIEF**

54. Defendant denies that Plaintiff is entitled to relief as alleged in paragraph "A" through "H" as set forth in the prayer to the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(APPORTIONMENT)**

55. That the injuries and damages, if any, sustained by Plaintiff were proximately caused by the negligence, carelessness or fault of others, and therefore the Plaintiff may recover from this Defendant only that apportionment of damages directly attributable to the negligence, carelessness or fault of this answering Defendant (which allegation is being made solely for the purpose of this pleading and without admitting such to be the fact).

**SECOND AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(FAILURE TO STATE A CAUSE OF ACTION AGAINST DEFENDANT)**

56. That the Complaint and each of the purported causes of action therein complained fail to state a cause of action against this answering Defendant.

**THIRD AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF)**

57. That the Complaint and each of the purported causes of action therein complained fail to state a cause of action upon which a claim for injunctive relief can be based against this answering Defendant.

**FOURTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(STATUTE OF LIMITATIONS)**

58. That Plaintiff's Complaint herein, and the whole thereof, and each and every purported cause of action contained therein is barred by the running of the statute of limitations, pursuant to *Code of Civil Procedure* §§335, 335.1, 337, 338, 340 and all other applicable statutes.

**FIFTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

(NO INTENTIONAL ACT)

59. Plaintiff's cause of action for discrimination or exemplary damages is barred because the conduct of this answering Defendant was not intentional.

**SIXTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(CALIFORNIA CIVIL CODE §1431, ET SEQ.)**

60. In accordance with the provisions of California Civil Code §§1431, et seq., the liability of this answering Defendant, if any, must be compared with the liability of others including Plaintiff herein. This Defendant is not liable for any greater percentage of non-economic damages, if any, than defendants percentage of liability bears to the total liability.

//

//

**SEVENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(NO VIOLATION OF THE LAWS OF THE UNITED STATES OR THE STATE OF CALIFORNIA)**

61. That Plaintiff herein is barred from any recovery on the basis that this answering Defendant is informed and believes and thereon alleges that it has done everything reasonably expected and required of it pursuant to the laws of the United States and/or the laws of the State of California.

**EIGHTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(FAILURE TO MITIGATE DAMAGES)**

62. That this answering Defendant denies any liability, whatsoever, to the Plaintiff or that the Plaintiff has suffered any damage whatsoever, but if this answering Defendant is held by a Court to have liability to Plaintiff or if it is held that the Plaintiff has been damaged in any sum or sums whatsoever, such liability or damage should be reduced by that sum to which the Plaintiff could reasonably have mitigated said damages.

**NINTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(LACHES)**

63. Each allegation and every cause of action alleged against this answering Defendant is barred under the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(UNCLEAN HANDS)**

64. Each allegation and every cause of action alleged against this answering Defendant is barred in its entirety by the doctrine of unclean hands.

//

//

**ELEVENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(ESTOPPEL)**

65. As to each cause of action alleged in the Complaint, Plaintiff is estopped from seeking relief therein due to her own acts or omissions with reference to the subject matter of the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(WAIVER)**

66. Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach, negligence, or any other conduct, if any, alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)**

67. Defendant asserts that plaintiff's claims, and each of them, may be barred by or limited in whole or in part by Plaintiff's failure to timely exhaust available remedies.

**FOURTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(RECOVERY CONTRARY TO PUBLIC POLICY)**

68. Defendant is informed and believes, and therein alleges that the conduct of Plaintiff was such that no recovery for any alleged loss may be had by Plaintiff, because such recovery would be contrary to public policy of the State of California and the United States of America.

**FIFTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(PARI DELICTO)**

69. The Complaint, and each and every cause of action therein, is barred because Plaintiff is guilty of conduct which has rendered her in pari delicto.

//

**SIXTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(PRIVILEGED CONDUCT)**

70. The Complaint, and each and every cause of action therein, is barred because any conduct by this answering Defendant was privileged.

**SEVENTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(LEGITIMATE NON-DISCRIMINATORY REASON)**

71. Plaintiff's cause of action for discrimination is barred because the conduct of this answering Defendant, as described in Plaintiff's Complaint, was taken for a legitimate, nondiscriminatory reason.

**EIGHTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(LEGITIMATE BUSINESS INTERESTS)**

72. Plaintiff's cause of action for discrimination is barred because the conduct of this Defendant, as described in the Complaint, was taken to protect a legitimate business interests.

**NINETEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(REMOVAL OF BARRIERS NOT READILY ACHIEVABLE)**

73. Defendant alleges that the condition of the property is permissible and does not violate the Americans With Disabilities Act of 1990 because it meets all applicable laws and standards, the removal of any existing barriers, if any, are not readily achievable and that all appropriate alternative methods for reasonable accommodation were made.

**TWENTIETH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(UNDUE HARDSHIP)**

74. This answering Defendant alleges that compliance with the *prima facie* requirements of the ADA and California State law as alleged in the Complaint is excused as such compliance

would constitute an undue hardship upon the operation of the business of this answering Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(LACK OF STANDING)**

75. The Complaint, and each and every cause of action therein, is barred because Plaintiff Diane Cross lacks standing as to each and every cause of action as against this answering Defendant.

**TWENTY- SECOND AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(LACK OF STANDING - ORGANIZATIONAL )**

76. The Complaint, and each and every cause of action therein, is barred because Plaintiff Outerbridge Access Association lacks standing as an organization to each and every cause of action as against this answering Defendant.

**TWENTY- THIRD AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(LACK OF STANDING AS A CLASS )**

77. The Complaint, and each and every cause of action therein, is barred because Plaintiff lack standing to qualify as a class or class representative to each and every cause of action as against this answering Defendant.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by way of the Complaint on file herein and that this answering Defendant may be hence dismissed with costs of suit incurred herein and for such other and further relief as the Court sees fit.

Dated: February 25, 2008 **THARPE & HOWELL**

By: s/Gary L. Angotti__________
JAMES O. EILER, ESQ.
GARY L. ANGOTTI, ESQ.
Attorneys for Defendant,
S.B. Restaurant Co. dba Elephant Bar Restaurant.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury for all claims for which a jury is permitted pursuant to the Federal Rules of Civil Procedure, Rule 38(b).

Dated: February 25, 2008 THARPE & HOWELL

By: s/Gary L. Angotti___________
JAMES EILER, ESQ.
GARY L. ANGOTTI, ESQ.
Attorneys for Defendant
S.B. Restaurant Co. DBA Elephant Bar Restaurant

# PROOF OF SERVICE

[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 West Santa Ana Boulevard, Suite 705, Santa Ana, California 92701.

On **February 25, 2008,** I served the foregoing document described as:

**DOCUMENT:** ANSWER BY DEFENDANT, S. B. RESTAURANT CO. DBA ELEPHANT BAR RESTAURANT; TO COMPLAINT AND DEMAND FOR A JURY TRIAL

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

SEE ATTACHED SERVICE LIST

[ **x** ] **(BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Santa Ana, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY PERSONAL DELIVERY)** I delivered such envelope by hand to the office of the addressee(s) noted above.

[ ] **(BY FACSIMILE TRANSMISSION)** I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

Executed on **February 25, 2008**, at Santa Ana, California.

[ **x** ] I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[ ] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

____________________________________
Diane McCullough

600 West Santa Ana Blvd., Suite 705
Santa Ana, California 92701

- 16 -

CASE # 08 CV 0121 JM CAB
ANSWER TO COMPLAINT