GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
RICHARD H. HIKIDA (SBN 196149)
ALANA R. CHO (SBN 254730)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
E-mail:  hurleyg@gtlaw.com; hikidar@gtlaw.com;
choa@gtlaw.com

Attorneys for Defendant
SPROUTS FARMERS MARKET, LLC d.b.a. SPROUTS
FARMERS MARKET

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>Plaintiffs,<br><br>v.<br><br>S. B. RESTAURANT CO. d.b.a. ELEPHANT BAR; SPROUTS FARMERS MARKET, LLC d.b.a. SPROUTS FARMERS MARKET; SPORT CHALET, INC. d.b.a. SPORTS CHALET #67; LOEHMANN'S, INC. d.b.a. LOEHMANN'S; KYUNG AH PARK d.b.a. FASHION 5; GRAND PLAZA, LLC; AND DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | CASE NO. 08 CV 0121 JM CAB<br><br>**ANSWER OF DEFENDANT SPROUTS FARMERS MARKET, LLC TO PLAINTIFFS' COMPLAINT** |

Defendant Sprouts Farmers Market, LLC d.b.a. Sprouts Farmers Market ("Defendant") hereby answers the Complaint filed by plaintiffs Outerbridge Access Association, suing on behalf of Diane Cross, and Diane Cross, suing as an individual ("Plaintiffs") (the "Complaint") as follows:

1.    Answering paragraph 1 of the Complaint, Defendant admits the averment contained in the first sentence of paragraph 1, on page 2, lines 2-5, that Plaintiffs have filed a complaint in the Judicial District of the United States District Court of the Southern District of California. Answering the averment contained in the first sentence of paragraph 1, on page 2, lines 7-9, that Defendants have discriminated and are presently discriminating against persons with disabilities, Defendant denies the averment as it pertains to Defendant. Answering the averment contained in the first sentence of paragraph 1, on page 2, lines 7-9, that Defendants have discriminated and are presently discriminating against persons with disabilities, as it pertains to the other defendants, and the remaining averments contained in paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies them.

2.    Answering paragraph 2 of the Complaint, paragraph 2 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2, and on that basis denies them.

3.    Answering paragraph 3 of the Complaint, paragraph 3 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies the averments contained in the third, fourth and fifth sentences of paragraph 3, on page 3, lines 12-24, as they pertain to Defendant. Answering the averments contained in the third, fourth and fifth sentences of paragraph 3, on page 3, lines 12-24, as they pertain to the other defendants, and the averments contained in the first and second sentences of paragraph 3, on page 3, lines 5-11, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies them.

4.    Answering paragraph 4 of the Complaint, Defendant admits the averments contained in the first sentence of paragraph 4, on page 3, line 26 to page 4, line 1, as they pertain to Defendant, and the averments contained in the third sentence of paragraph 4, on page 4, lines 6-11. Answering the averments contained in the first sentence of paragraph 4, on page 3, line 26 to page 4, line 1, as they pertain to the other defendants, and the remaining averments contained in paragraph 4, Defendant is

1    without knowledge or information sufficient to form a belief as to the truth of the averments, and on that

2    basis denies them.

3        5.    Answering paragraph 5 of the Complaint, paragraph 5 contains legal conclusions and

4    legal argument that Defendant is not required to admit or deny.

5        6.    Answering paragraph 6 of the Complaint, paragraph 6 contains legal conclusions and

6    legal argument that Defendant is not required to admit or deny.  To the extent that a response is

7    necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of

8    the averments contained in paragraph 6, and on that basis denies them.

9        7.    Answering paragraph 7 of the Complaint, Defendant is without knowledge or

10   information sufficient to form a belief as to the truth of the averments contained in paragraph 7, and on

11   that basis denies them.

12       8.    Answering paragraph 8 of the Complaint, paragraph 8 contains legal conclusions and

13   legal argument that Defendant is not required to admit or deny.  To the extent that a response is

14   necessary, Defendant denies the averments contained in the second sentence of paragraph 8, on page 6,

15   lines 8-14, as they pertain to Defendant.  Answering the averments contained in the second sentence of

16   paragraph 8, on page 6, lines 8-14, as they pertain to the other defendants, and the averments contained

17   in the first sentence of paragraph 8, on page 6, lines 3-8, Defendant is without knowledge or information

18   sufficient to form a belief as to the truth of the averments, and on that basis denies them.

19       9.    Answering paragraph 9 of the Complaint, paragraph 9 contains legal conclusions and

20   legal argument that Defendant is not required to admit or deny.  To the extent that a response is

21   necessary, Defendant denies the averments contained in the first sentence of paragraph 9, on page 6, line

22   27 to page 7, line 1, as they pertain to Defendant.  Answering the averments contained in first sentence

23   of paragraph 9, on page 6, line 27 to page 7, line 1, as they pertain to the other defendants, and the

24   remaining averments contained in paragraph 10, Defendant is without knowledge or information

25   sufficient to form a belief as to the truth of the averments, and on that basis denies them.

26       10.   Answering paragraph 10 of the Complaint, paragraph 10 contains legal conclusions and

27   legal argument that Defendant is not required to admit or deny.  To the extent that a response is

28   necessary, answering the averments contained in the fourth sentence of paragraph 10, on page 7, line 27

to page 8, line 3, as they pertain to Defendant, Defendant admits the averment that Defendant's facilities are open to the general public but denies the averment that Plaintiffs have been denied access to Defendant's facilities. Answering the averments contained in the fourth sentence of paragraph 10, on page 7, line 27 to page 8, line 3, as they pertain to the other defendants, and the remaining averments contained in paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies them.

11. Answering paragraph 11 of the Complaint, paragraph 11 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies the averments contained in paragraph 11 as they pertain to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 as they pertain to the other defendants, and on that basis denies them.

12. Answering paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

13. Answering paragraph 13 of the Complaint, paragraph 13 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, answering the averments in the third sentence of paragraph 13, on page 9, line 23 to page 10, lines 2-4, as they pertain to Defendant, and the averments contained in the fourth sentence of paragraph 13, on page 10, lines 5-6, as they pertain to Defendant, Defendant denies each and every averment. Answering the averments contained in third sentence of paragraph 13, on page 9, line 23 to page 10, lines 2-4, as they pertain to the other defendants, and the averments contained in the fourth sentence of paragraph 13, on page 10, lines 5-6, as they pertain to the other defendants, and the remaining averments contained in paragraph 13, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies them.

14. Answering paragraph 14 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

15.    Answering paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

16.    Answering paragraph 16 of the Complaint, paragraph 16 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

17.    Answering paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

18.    Answering paragraph 18 of the Complaint, paragraph 18 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, answering the first sentence of paragraph 18, on page 11, lines 10-13, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.  Answering the remaining averments contained in paragraph 18, Defendant denies each and every averment.

19.    Answering paragraph 19 of the Complaint, paragraph 19 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments that Plaintiff Diane Cross visited the premises at issue and encountered both physical and intangible barriers, and on that basis denies them.  Defendant denies each and every other averment contained in paragraph 19.

20.    Answering paragraph 20 of the Complaint, paragraph 20 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

OC 286,225,115v1 3/5/2008

21.    Answering paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

22.    Answering paragraph 22 of the Complaint, paragraph 22 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

23.    Answering paragraph 23 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

24.    Answering paragraph 24 of the Complaint, paragraph 24 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

25.    Answering paragraph 25 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

26.    Answering paragraph 26 of the Complaint, paragraph 26 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, answering the averment contained in the first sentence of paragraph 26, on page 14, lines 23-24, that Plaintiffs can prove barriers exist at Defendants' facilities, the averment contained in the second sentence of paragraph 26, on page 14, lines 24-27, that Plaintiff Association's members cannot go to Defendants' facilities because of lack of auxiliary aids, and the averments contained in the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh sentences of paragraph 26, on page 14, line 27 to page 15, line 21, Defendant denies the averments contained therein as they pertain to Defendant. Answering the averment contained in the first sentence of paragraph 26, on page 14, lines 23-24, that Plaintiffs conducted a preliminary survey of Defendants' facilities, the averment contained in the second sentence of paragraph 26, on page 14, lines 24-27, that Plaintiff Association's members desire to go to

Defendants' facilities and the averments contained in the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh sentences of paragraph 26, on page 14, line 27 to page 15, line 21, as they pertain to the other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis, denies them.

27.     Answering paragraph 27 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

28.     Answering paragraph 28 of the Complaint, paragraph 28 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28, and on that basis denies them.

29.     Answering paragraph 29 of the Complaint, paragraph 29 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, Defendant denies the averments contained in paragraph 29 as they pertain to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 as they pertain to the other defendants, and on that basis denies them.

30.     Answering paragraph 30 of the Complaint, paragraph 30 contains legal conclusions and legal argument that Defendant is not required to admit or deny.   To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30, and on that basis denies them.

31.     Answering paragraph 31 of the Complaint, paragraph 31 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

32.     Answering paragraph 32 of the Complaint, paragraph 32 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

33.     Answering paragraph 33 of the Complaint, paragraph 33 contains legal conclusions and legal argument that Defendant is not required to admit or deny.   To the extent that a response is necessary, Defendant admits the averments contained in the second sentence of paragraph 33, on page

17, lines 8-10, as they pertain to Defendant. Answering the remaining averments contained in paragraph 33 as they pertain to Defendant, Defendant denies each and every averment. Answering the averments contained in paragraph 33 as they pertain to the other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

34.     Answering paragraph 34 of the Complaint, paragraph 34 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

35.     Answering paragraph 35 of the Complaint, paragraph 35 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, answering the averments contained in paragraph 35 as they pertain to Defendant, Defendant denies each and every averment. Answering the averments contained in paragraph 35 as they pertain to the other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

36.     Answering paragraph 36 of the Complaint, paragraph 36 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, answering the averments contained in paragraph 36 as they pertain to Defendant, Defendant denies each and every averment. Answering the averments contained in paragraph 36 as they pertain to the other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

37.     Answering paragraph 37 of the Complaint, paragraph 37 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, answering the averments contained in paragraph 36 as they pertain to Defendant, Defendant denies each and every averment. Answering the averments contained in paragraph 37 as they pertain to the other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

OC 286,225,115v1 3/5/2008

38.     Answering paragraph 38 of the Complaint, paragraph 38 contains legal conclusions and legal argument that Defendant is not required to admit or deny.     To the extent that a response is necessary, answering the averments contained in paragraph 38 as they pertain to Defendant, Defendant denies each and every averment.  Answering the averments contained in paragraph 38 as they pertain to the other defendants,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

39.     Answering paragraph 39 of the Complaint, paragraph 39 contains legal conclusions and legal argument that Defendant is not required to admit or deny.     To the extent that a response is necessary, answering the averments contained in the first, second, third and sixth sentences of paragraph 36, page 19, lines 14-22, and page 20, lines 2-5, as they pertain to Defendant, Defendant denies each and every averment.  Answering the averments contained in the first, second, third and sixth sentences of paragraph 36, page 19, lines 14-22, and page 20, lines 2-5, as they pertain to the other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

40.     Answering paragraph 40 of the Complaint, paragraph 40 contains legal conclusions and legal argument that Defendant is not required to admit or deny.     To the extent that a response is necessary, answering the averments contained in paragraph 40 as they pertain to Defendant, Defendant denies each and every averment.  Answering the averments contained in paragraph 40 as they pertain to the other defendants,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

41.     Answering paragraph 41 of the Complaint, paragraph 41 contains legal conclusions and legal argument that Defendant is not required to admit or deny.     To the extent that a response is necessary, answering the averments contained in the fifth sentence of paragraph 41, page 21, lines 5-6, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.  Answering the remaining averments contained in paragraph 41, Defendant denies each and every averment.

42.     Answering paragraph 42 of the Complaint, paragraph 42 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

OC 286,225,115v1 3/5/2008

43.    Answering paragraph 43 of the Complaint, paragraph 43 contains legal conclusions and legal argument that Defendant is not required to admit or deny.    To the extent that a response is necessary, answering the averments contained in paragraph 43 as they pertain to Defendant, Defendant denies each and every averment.  Answering the averments contained in paragraph 43 as they pertain to the other defendants,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

44.    Answering paragraph 44 of the Complaint, paragraph 44 contains legal conclusions and legal argument that Defendant is not required to admit or deny.    To the extent that a response is necessary, answering the averments contained in paragraph 44 as they pertain to Defendant, Defendant denies each and every averment.  Answering the averments contained in paragraph 44 as they pertain to the other defendants,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

45.    Answering paragraph 45 of the Complaint, paragraph 45 contains legal conclusions and legal argument that Defendant is not required to admit or deny.    To the extent that a response is necessary, answering the averments contained in paragraph 45 as they pertain to Defendant, Defendant denies each and every averment.  Answering the averments contained in paragraph 45 as they pertain to the other defendants,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies each and every averment.

46.    Answering paragraph 46 of the Complaint, paragraph 46 contains legal conclusions and legal argument that Defendant is not required to admit or deny.    To the extent that a response is necessary, answering the averments contained in paragraph 46 as they pertain to Defendant, Defendant denies each and every averment.  Answering the averments contained in paragraph 46 as they pertain to the other defendants,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

47.    Answering paragraph 47 of the Complaint, paragraph 47 contains legal conclusions and legal argument that Defendant is not required to admit or deny.    To the extent that a response is necessary, answering the averments contained in the fifth sentence of paragraph 47, page 23, lines 6-7, Defendant is without knowledge or information sufficient to form a belief as to the truth of the

averments and on that basis denies each and every averment contained therein.    Answering the remaining averments contained in paragraph 47, Defendant denies each and every averment.

48.    Plaintiffs' Complaint omits paragraph 48.

49.    Answering paragraph 49 of the Complaint, paragraph 49 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

50.    Answering paragraph 50 of the Complaint, paragraph 50 contains legal conclusions and legal argument that Defendant is not required to admit or deny.    To the extent that a response is necessary, answering the averments contained in paragraph 50 as they pertain to Defendant, Defendant denies each and every averment.  Answering the averments contained in paragraph 50 as they pertain to the other defendants,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

51.    Answering paragraph 51 of the Complaint, paragraph 51 contains legal conclusions and legal argument that Defendant is not required to admit or deny.    To the extent that a response is necessary, answering the averments contained in paragraph 51 as they pertain to Defendant, Defendant denies each and every averment.  Answering the averments contained in paragraph 51 as they pertain to the other defendants,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies each and every averment.

52.    Answering paragraph 52 of the Complaint, paragraph 52 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

53.    Defendant denies that Plaintiffs are entitled to the relief they seek as set forth on pages 24-25 of the Complaint, or any relief whatsoever.

## ADDITIONAL DEFENSES

54.    As separate and additional defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

55.    The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

(Lack of Standing)

56.    Plaintiffs lack standing to pursue their alleged claims.

**THIRD AFFIRMATIVE DEFENSE**

(Statute of Limitations)

57.    Plaintiffs are barred from pursuing their alleged claims because they are barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

(Effective Access)

58.    The purported architectural barriers provide effective access to the Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible To the Maximum Extent Feasible)

59.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any and all alterations to the facility, if any, were made to ensure that the facility would be readily accessible to the maximum extent feasible.

**SIXTH AFFIRMATIVE DEFENSE**

(Full Compliance Is Structurally Impracticable)

60.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements would be structurally impracticable to do so.

**SEVENTH AFFIRMATIVE DEFENSE**

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function Is Disproportionate to the Cost of the Overall Alteration)

61.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

OC 286,225,115v1 3/5/2008

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

(Defendant Provided Services Via Alternative Methods)

3      62.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there

4 were any, do not subject Defendant to liability because Defendant accommodated Plaintiffs' alleged

5 disabilities by providing services via alternative methods other than the removal of alleged architectural

6 barriers.

7

**NINTH AFFIRMATIVE DEFENSE**

8

(Good Faith Reliance Upon Local Building Authorities)

9      63.    Plaintiffs' Complaint and each claim alleged therein are barred by Defendant's good faith

10 reliance upon reasonable interpretations of California law by local building authorities and issuance of

11 appropriate building permits and Certificates of Occupancy for the facility at issue.

12

**TENTH AFFIRMATIVE DEFENSE**

13

(Recovery of Prevailing Party Attorney's Fees)

14      64.    Pursuant to 42 U.S.C. § 12205, in the event that Defendant prevails in this action,

15 Defendant should be awarded its reasonable attorney's fees and costs incurred in the defense of this

16 action.

17

**ELEVENTH AFFIRMATIVE DEFENSE**

18

(Privilege)

19      65.    Defendant's conduct was privileged because it was undertaken pursuant to the terms of

20 the applicable laws, regulations, orders, and approvals relating to building construction and/or fire

21 safety and public safety.

22

**TWELFTH AFFIRMATIVE DEFENSE**

23

(Building Permits)

24      66.    The Complaint and all claims alleged therein are barred by the issuance by local building

25 authorities of appropriate building permits and Certificates of Occupancy for the facility at issue.

26

27

28

Case No. 08 CV 0181 JM CAB

OC 286,225,115v1 3/5/2008

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Undue Burden)

67.    Insofar as the Defendant has not made the alterations to the facility at issue, which Plaintiffs contend should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

68.    Plaintiffs are estopped by their conduct from recovering any relief under the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

69.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

70.    Plaintiffs failed to properly mitigate their alleged damages and therefore are precluded from recovering those alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Preemption)

71.    Plaintiffs' state law claim is preempted by federal law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Indispensable Party)

72.    Plaintiffs' alleged claim is barred, in whole or in part, because of their failure to name an indispensable party or parties.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Defenses Under Federal Rules of Civil Procedure)

73.    Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure.  The extent to which Plaintiffs' claims may be barred cannot be determined until Defendant has an opportunity to complete discovery.  Therefore,

OC 286,225,115v1 3/5/2008

Defendant incorporates all such affirmative defenses as though fully set forth herein.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Misapplication of Section 51 of the California Civil Code)

74.    Plaintiffs are barred from recovery under California Civil Code Section 51 because such section does not apply to the alleged conduct at issue.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Plead Facts Sufficient to Support Treble or Punitive Damages)

75.    Plaintiffs are not entitled to recover treble or punitive damages and any averments with respect thereto should be stricken because:

a.    Plaintiffs have failed to plead facts sufficient to support averments of oppression, fraud and/or malice; and/or

b.    Plaintiffs have failed to plead facts sufficient to support averments of gross or reckless disregard for the rights of Plaintiffs or that Defendant was motivated by evil motive or intent; and/or

c.    Neither Defendant nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such act, or employed any such employee or employees with a conscious disregard of the rights or safety of others.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Legitimate Business Justifications)

76.    The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against this Defendant because any actions taken with respect to Plaintiffs were for legitimate, non-discriminatory business reasons unrelated to Plaintiffs' alleged disability or other asserted protected status.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(No Damages)

77.    Defendant is informed and believes and based thereon alleges that Plaintiffs have not suffered any damage as a result of any actions taken by Defendant, and Plaintiffs are thereby barred from asserting any claim against Defendant.

*OC 286,225,115v1 3/5/2008*

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Good Faith)

78.     Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time that they acted.  Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

79.     Plaintiffs' alleged damages and the occurrences alleged in the Complaint were caused by the negligence and/or fault of other persons or entities, whether or not parties to this action, and Defendant's alleged liability should be reduced accordingly.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Reservation of Defenses)

80.     Defendant alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

**PRAYER**

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants;

2.     That Plaintiffs take nothing by way of their Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

DATED:  March 5, 2008                          GREENBERG TRAURIG, LLP


                                               By /s/  Richard H. Hikida_____
                                                  Richard H. Hikida
                                                  E-mail: hikidar@gtlaw.com

                                                  Attorneys for Defendant
                                                  SPROUTS FARMERS MARKET, LLC d.b.a. SPROUTS
                                                  FARMERS MARKET

OC 286,225,115v1 3/5/2008

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

Defendant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil

3

Procedure.

4

5

DATED:  March 5, 2008                    GREENBERG TRAURIG, LLP

6

7

By  /s/  Richard H. Hikida

8

Richard H. Hikida
E-mail: hikidar@gtlaw.com

9

Attorneys for Defendant

10

SPROUTS FARMERS MARKET, LLC d.b.a. SPROUTS
FARMERS MARKET

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16                          Case No. 08 CV 0181 JM CAB

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

      I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612.**

      On March 5, 2008, I served the **ANSWER OF DEFENDANT SPROUTS FARMERS MARKET, LLC TO PLAINTIFFS' COMPLAINT** with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System.  The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Theodore A. Pinnock, Esq.<br>David C. Wakefield, Esq.<br>Michelle L. Wakefield, Esq.<br>Pinnock & Wakefield, A.P.C.<br>3033 Fifth Avenue, Suite 410<br>San Diego, CA 92103<br>Tel:  619-858-3671<br>Fax: 619-858-3646 | Counsel for Plaintiff<br>Outerbridge Access Association, suing on behalf of Diane Cross; and Diane Cross, an individual. |
| Russell A. Franklin, Esq.<br>John H. Horwitz, Esq.<br>Schaffer, Lax, McNaughton & Chen<br>515 S. Figueroa St., Ste. 1400<br>Los Angeles, CA 90071<br>Tel:  213-337-1000<br>Fax: 213-337-1010 | Counsel for Defendant Sport Chalet, Inc. |
| James O. Eiler<br>Gary L. Angotti<br>Tharpe and Howell<br>600 West Santa Ana Blvd., Ste. 705<br>Santa Ana, CA 92701<br>Tel:  714-437-4900<br>Fax: 714-437-7997 | Counsel for S. B Restaurant Co. d.b.a. Elephant Bar Restaurant, erroneously sued and served as S.B. Restaurant Co. d.b.a. Elephant Bar |

☒ **NOTICE OF ELECTRONIC FILING:**
      On all parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above-referenced case caption and number on this date.

☒   **(FEDERAL)**     I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

      Executed on March 5, 2008, at Irvine, California.

                                   /s/ Richard H. Hikida
                                        Signature

OC 286,225,115v1 3/5/2008

Case No. 08 CV 0181 JM CAB