Ryan M. Davies (SBN 192598)
rdavies@davieslawcorporation.com
**DAVIES LAW CORPORATION**
26459 Rancho Parkway South
Lake Forest, California 92630
Telephone: (949) 480-9639
Facsimile: (949) 340-9746

Attorneys for Defendant
GRAND PLAZA, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,

Plaintiff,

v.

S. B. RESTAURANT CO. d.b.a. ELEPHANT BAR; SPROUTS FARMERS MARKET, LLC d.b.a. SPROUTS FARMERS MARKET; SPORT CHALET, INC. d.b.a. SPORTS CHALET #67; LOEHMANN'S, INC. d.b.a. LOEHMANN'S; KYUNG AH PARK d.b.a. FASHION 5; GRAND PLAZA, LLC; AND DOES 1 THROUGH 10, Inclusive,

Defendants.

Case No.: 08 CV 0121 JM (CAB)

**GRAND PLAZA, LLC'S ANSWER TO COMPLAINT**

**CLASS ACTION**

**DEMAND FOR JURY TRIAL [F.R.Civ.P. rule 38(b)]**

Defendant, GRAND PLAZA, LLC, a California limited liability company ("GRAND PLAZA") hereby answers the Complaint of Plaintiff OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, an individual. GRAND PLAZA answers for itself alone, and for no other party, by this document.

1. As to Paragraph No. 1 of the Complaint, this answering Defendant admits that Plaintiff Diane Cross is an individual and denies each and every other allegation in this paragraph.

2. As to Paragraph No. 2 of the Complaint, this answering Defendant admits that Plaintiff's claim arose within the Judicial District of the United States District Court of the Southern District of California.

3. As to Paragraph No. 3 of the Complaint, this answering Defendant responds that the majority of the contentions in this paragraph are contentions of law which and should be reserved for judicial determination, as opposed to facts which can be admitted or denied by this answering Defendant. This answering Defendant denies each and every other allegation in this paragraph.

4. As to Paragraph No. 4 of the Complaint, this answering Defendant lacks sufficient information to admit or deny the allegations in this Paragraph which relate to Defendants other than this answering Defendant. GRAND PLAZA LLC admits that it is the owner and/or the lessor of the real property located at 105 to 193 South Las Posas Road, San Marcos, California 92078.

5. As to Paragraph No. 5 of the Complaint, this paragraph contains no factual allegations capable of being admitted or denied.

6. As to Paragraph No. 6 of the Complaint, this answering Defendant lacks sufficient information to admit or deny the allegations relating to unnamed defendants identified as "DOES" and on that basis denies the allegations in this paragraph.

7. As to Paragraph No. 7 of the Complaint, this answering Defendant admits that it is the owner and lessor of real property located at 105 to 193 South Las Posas Road, San Marcos, California 92078 and denies each and every other allegation in this paragraph.

8. As to Paragraph No. 8 of the Complaint, this answering Defendant lacks sufficient information to admit or deny the allegations relating to Plaintiffs and on that basis denies such allegations. Further, this answering Defendant denies that Plaintiffs are precluded from equal access to Defendants' establishments.

9. As to Paragraph No. 9 of the Complaint, this answering Defendant denies each and every allegation contained therein.

10. As to Paragraph No. 10 of the Complaint, this answering Defendant lacks sufficient knowledge to admit or deny Plaintiffs' allegations concerning use of a wheelchair and on that basis denies such allegations. Further, this answering Defendant denies each and every other allegation contained in this paragraph.

11. As to Paragraph No. 11 of the Complaint, this answering Defendant lacks sufficient information to respond to allegations of conduct by other defendants, and denies each and every allegation relating to this answering Defendant in this paragraph.

12. As to Paragraph No. 12 of the Complaint, this answering Defendant lacks sufficient information about the nature of Plaintiff OUTERBRIDGE ACCESS ASSOCIATION to admit or deny the allegations concerning such organization, and on that basis denies such allegations. Additionally, this answering Defendant lacks sufficient information regarding the physical condition of Plaintiff DIANE CROSS to admit or deny any allegations concerning such Plaintiff and on that basis denies such allegations.

13. As to Paragraph No. 13 of the Complaint, this answering Defendant lacks sufficient information to respond to allegations of conduct by other defendants, and denies each and every allegation relating to this answering Defendant in this paragraph.

14. As to Paragraph No. 14 of the Complaint, this answering Defendant lacks sufficient information regarding Plaintiff DIANE CROSS to admit or deny her allegations regarding difficulty with "said access barriers" and on that basis denies such allegations. This answering Defendant denies each and every other allegation contained in this paragraph.

15. As to Paragraph No. 15 of the Complaint, this answering Defendant denies each and every allegation contained therein.

16. As to Paragraph No. 16 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph as it is merely the landlord and not the operator of the business establishment mentioned in this paragraph, and on that basis denies each and every allegation in this paragraph.

17. As to Paragraph No. 17 of the Complaint, this answering Defendant lacks sufficient

information to admit or deny any allegation in this paragraph as it is merely the landlord and not the operator of the business establishment mentioned in this paragraph, and on that basis denies each and every allegation in this paragraph.

18. As to Paragraph No. 18 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph as it is merely the landlord and not the operator of the business establishment mentioned in this paragraph, and on that basis denies each and every allegation in this paragraph.

19. As to Paragraph No. 19 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph as it is merely the landlord and not the operator of the business establishment mentioned in this paragraph, and on that basis denies each and every allegation in this paragraph.

20. As to Paragraph No. 20 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph as it is merely the landlord and not the operator of the business establishment mentioned in this paragraph, and on that basis denies each and every allegation in this paragraph.

21. As to Paragraph No. 21 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph as it is merely the landlord and not the operator of the business establishment mentioned in this paragraph, and on that basis denies each and every allegation in this paragraph.

22. As to Paragraph No. 22 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph as it is merely the landlord and not the operator of the business establishment mentioned in this paragraph, and on that basis denies each and every allegation in this paragraph.

23. As to Paragraph No. 23 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph as it is merely the landlord and not the operator of the business establishment mentioned in this paragraph, and on that basis denies each and every allegation in this paragraph.

24. As to Paragraph No. 24 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph as it is merely the landlord and not the operator of the business establishment mentioned in this paragraph, and on that basis denies each and every allegation in this paragraph.

25. As to Paragraph No. 25 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph as it is merely the landlord and not the operator of the business establishment mentioned in this paragraph, and on that basis denies each and every allegation in this paragraph.

26. As to Paragraph No. 26 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph relating to other defendants. As to the allegations applicable to this answering Defendant, it denies all such allegations.

27. As to Paragraph No. 27 of the Complaint, this answering Defendant lacks sufficient information as to the intent of Plaintiff DIANE CROSS to admit or deny the allegations concerning DIANE CROSS and on that basis denies such allegations. Additionally, this answering Defendant denies each and every other allegation in this paragraph.

28. As to Paragraph No. 28 of the Complaint, this answering Defendant cannot admit or deny Plaintiff's interpretation of federal and state law. Further, this answering Defendant denies each and every other allegation contained in this paragraph.

29. As to Paragraph No. 29 of the Complaint, this answering Defendant denies that unidentified plaintiffs were discriminated against at the shopping center and lacks sufficient information regarding Plaintiff DIANE CROSS' mental state to admit or deny the allegations concerning Plaintiff DIANE CROSS' level of vexation.

30. As to Paragraph No. 30 of the Complaint, this paragraph contains only contentions of law and not allegations of fact which can be admitted or denied.

31. As to Paragraph No. 31 of the Complaint, this paragraph merely provides a definition of the term "Defendants" and does not need to be admitted or denied.

32. As to Paragraph No. 32 of the Complaint, this answering Defendant denies each and

every allegation contained therein.

33. As to Paragraph No. 33 of the Complaint, this answering Defendant this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph relating to other defendants. As to the allegations applicable to this answering Defendant, it denies all such allegations.

34. As to Paragraph No. 34 of the Complaint, this answering Defendant lacks sufficient information regarding the physical condition of Plaintiff DIANE CROSS to admit or deny any allegations contained in this paragraph and on that basis denies such allegations.

35. As to Paragraph No. 35 of the Complaint, this answering Defendant this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph relating to other defendants. As to the allegations applicable to this answering Defendant, it denies all such allegations.

36. As to Paragraph No. 36 of the Complaint, this answering Defendant admits that the physical structures currently existing on the real property located at 105 to 193 South Las Posas Road, San Marcos, California 92078 were constructed subsequent to January 26, 1992. This answering Defendant denies each and every other allegation contained in this paragraph.

37. As to Paragraph No. 37 of the Complaint, this answering Defendant denies each and every allegation contained therein.

38. As to Paragraph No. 38 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegation in this paragraph relating to other defendants. As to the allegations applicable to this answering Defendant, it denies all such allegations.

39. As to Paragraph No. 39 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegations which concern any business not operated by this answering Defendant and on that basis denies all such allegations. This answering Defendant is the owner and landlord of a shopping center in which the other Defendants operate retail business establishments. This answering Defendant controls only the common areas in the shopping center (as so defined by Lease Agreements with the other Co-Defendants) and as such it cannot admit or

deny any allegations relating to conditions existing within the business establishments operating at the shopping center. As to all common areas, this answering Defendant denies each and every allegation contained in this paragraph.

40. As to Paragraph No. 40 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegations which concern any business not operated by this answering Defendant and on that basis denies all such allegations. This answering Defendant is the owner and landlord of a shopping center in which the other Defendants operate retail business establishments. This answering Defendant controls only the common areas in the shopping center (as so defined by Lease Agreements with the other Co-Defendants) and as such it cannot admit or deny any allegations relating to conditions existing within the business establishments operating at the shopping center. As to all common areas, this answering Defendant denies each and every allegation contained in this paragraph.

41. As to Paragraph No. 41 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegations which concern any business not operated by this answering Defendant and on that basis denies all such allegations. This answering Defendant is the owner and landlord of a shopping center in which the other Defendants operate retail business establishments. This answering Defendant controls only the common areas in the shopping center (as so defined by Lease Agreements with the other Co-Defendants) and as such it cannot admit or deny any allegations relating to conditions existing within the business establishments operating at the shopping center. As to all common areas, this answering Defendant denies each and every allegation contained in this paragraph.

42. As to Paragraph No. 42 of the Complaint, this paragraph is merely a request for judgment and as such cannot be admitted or denied.

43. As to Paragraph No. 43 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegations which concern any business not operated by this answering Defendant and on that basis denies all such allegations. This answering Defendant is the owner and landlord of a shopping center in which the other Defendants operate retail business

establishments. This answering Defendant controls only the common areas in the shopping center (as so defined by Lease Agreements with the other Co-Defendants) and as such it cannot admit or deny any allegations relating to conditions existing within the business establishments operating at the shopping center. As to all common areas, this answering Defendant denies each and every allegation contained in this paragraph.

44. As to Paragraph No. 44 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegations which concern any business not operated by this answering Defendant and on that basis denies all such allegations. This answering Defendant is the owner and landlord of a shopping center in which the other Defendants operate retail business establishments. This answering Defendant controls only the common areas in the shopping center (as so defined by Lease Agreements with the other Co-Defendants) and as such it cannot admit or deny any allegations relating to conditions existing within the business establishments operating at the shopping center. As to all common areas, this answering Defendant denies each and every allegation contained in this paragraph.

45. As to Paragraph No. 45 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegations which concern any business not operated by this answering Defendant and on that basis denies all such allegations. This answering Defendant is the owner and landlord of a shopping center in which the other Defendants operate retail business establishments. This answering Defendant controls only the common areas in the shopping center (as so defined by Lease Agreements with the other Co-Defendants) and as such it cannot admit or deny any allegations relating to conditions existing within the business establishments operating at the shopping center. As to all common areas, this answering Defendant denies each and every allegation contained in this paragraph.

46. As to Paragraph No. 46 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegations which concern any business not operated by this answering Defendant and on that basis denies all such allegations. This answering Defendant is the owner and landlord of a shopping center in which the other Defendants operate retail business

establishments. This answering Defendant controls only the common areas in the shopping center (as so defined by Lease Agreements with the other Co-Defendants) and as such it cannot admit or deny any allegations relating to conditions existing within the business establishments operating at the shopping center. As to all common areas, this answering Defendant denies each and every allegation contained in this paragraph.

47. As to Paragraph No. 47 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegations which concern any business not operated by this answering Defendant and on that basis denies all such allegations. This answering Defendant is the owner and landlord of a shopping center in which the other Defendants operate retail business establishments. This answering Defendant controls only the common areas in the shopping center (as so defined by Lease Agreements with the other Co-Defendants) and as such it cannot admit or deny any allegations relating to conditions existing within the business establishments operating at the shopping center. As to all common areas, this answering Defendant denies each and every allegation contained in this paragraph.

48. There is no Paragraph 48 in the Complaint.

49. As to Paragraph No. 49 of the Complaint, this paragraph is merely a request for relief and as such does not have to be admitted or denied.

50. As to Paragraph No. 50 of the Complaint, this answering Defendant lacks sufficient information to admit or deny any allegations which concern any business not operated by this answering Defendant and on that basis denies all such allegations. This answering Defendant is the owner and landlord of a shopping center in which the other Defendants operate retail business establishments. This answering Defendant controls only the common areas in the shopping center (as so defined by Lease Agreements with the other Co-Defendants) and as such it cannot admit or deny any allegations relating to conditions existing within the business establishments operating at the shopping center. As to all common areas, this answering Defendant denies each and every allegation contained in this paragraph.

51. As to Paragraph No. 51 of the Complaint, this answering Defendant lacks sufficient

information to admit or deny any allegations which concern any business not operated by this answering Defendant and on that basis denies all such allegations. This answering Defendant is the owner and landlord of a shopping center in which the other Defendants operate retail business establishments. This answering Defendant controls only the common areas in the shopping center (as so defined by Lease Agreements with the other Co-Defendants) and as such it cannot admit or deny any allegations relating to conditions existing within the business establishments operating at the shopping center. As to all common areas, this answering Defendant denies each and every allegation contained in this paragraph.

52. As to Paragraph No. 52 of the Complaint, this paragraph is merely a request for damages and as such need not be admitted or denied.

53. As to Paragraph No. 53 of the Complaint, this paragraph is merely a request for damages and as such need not be admitted or denied.

WITHOUT CONCESSION TO ANY CLAIM OR ALLEGATION BY PLAINTIFFS, THIS ANSWERING DEFENDANT ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN:

**FIRST AFFIRMATIVE DEFENSE**

(Estoppel)

54. As a first affirmative defense, this answering Defendant alleges, upon information and belief, that Plaintiff's are estopped from recovering by virtue of their own conduct.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

55. As a second affirmative defense, this answering Defendant alleges upon information and belief that Plaintiffs have failed to mitigate any alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

(Unclean Hands)

56. As a third affirmative defense, this answering Defendant is informed and believes and

on that basis alleges that Plaintiffs' Complaint, and each cause of action therein, is barred by the equitable doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

(Reasonableness)

57. As a fourth affirmative defense, this answering Defendant is informed and believes and on that basis alleges that it acted reasonably at all times relevant to this action and therefore there is no liability to Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

(No Discrimination)

58. As a fifth affirmative defense, this answering Defendant is informed and believes and on that basis alleges that it is not liable to Plaintiffs for any alleged damages because this answering Defendant did not engage in any discriminatory actions as alleged in Plaintiff's Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

(Good Faith)

59. As a sixth affirmative defense, this answering Defendant is informed and believes and on that basis alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred in that at all times this answering Defendant acted in good faith and in a fair and equitable manner.

**SEVENTH AFFIRMATIVE DEFENSE**

(Not Readily Achievable)

60. As a seventh affirmative defense, this answering Defendant is only required under Section 302(b)(2)(A)(iv) of the ADA and under Section 54.1 of the California Civil Code, to remove architectural barriers in existing facilities if such removal is "readily achievable." The barriers Plaintiffs refer to in Plaintiffs' Complaint may not be removable under the "readily achievable" standard.

**EIGHTH AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

61. As an eighth affirmative defense, this answering Defendant is informed and believes and thereon alleges that it has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves its right to assert additional affirmative defenses in the event that discovery indicates that such would be appropriate.

WHEREFORE, Defendant GRAND PLAZA, LLC, respectfully requests judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint and that judgment be rendered in favor of Defendant GRAND PLAZA, LLC;

2. That Defendant GRAND PLAZA, LLC, be awarded its costs of suit incurred in defense of this action; and

3. For such other and further relief as the court deems just and proper.

DATED: March 12, 2008

DAVIES LAW CORPORATION

By:______________________________
Ryan M. Davies
Attorneys for Defendant
GRAND PLAZA, LLC

**DEMAND FOR JURY TRIAL**

Defendant, GRAND PLAZA, LLC, hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: March 12, 2008

DAVIES LAW CORPORATION

By:______________________________

Ryan M. Davies
Attorneys for Defendant
GRAND PLAZA, LLC

**PROOF OF SERVICE**
C.C.P. §1013(a), C.R.C. 2003(3), 2005(i)
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 26459 Rancho Parkway South, Lake Forest, California 92630.

On March 12, 2008, I served the foregoing document described as **GRAND PLAZA, LLC'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Michelle L. Wakefield, Esq.<br>PINNOCK & WAKEFIELD<br>3033 Fifth Avenue, Suite 410<br>San Diego, CA 92103 | |

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 26459 Rancho Parkway South, Lake Forest, California 92630. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒ **BY COURTESY EMAIL:** I caused a copy of said document to be delivered by electronic mail (email) to michellewakefield@pinnnockwakefieldlaw.com

☐ **BY OVERNIGHT MAIL:** By depositing copies of the above document(s) in a box or other facility regularly maintained by OVERNITE EXPRESS, in an envelope or package designed by OVERNITE EXPRESS with delivery fees paid or provided for and sent to the person(s) named on the attached service list [C.C.P.§1013, 2015.5].

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 12, 2008, at Lake Forest, California.

[signature]

Ryan M. Davies